UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

      Plaintiff,

                                Case No. 26-cv-11929

v.                                 Hon. Matthew F. Leitman

ALL PRO LOGISTICS, LLC, *et al.*,

      Defendants.

_____/

### ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); (2) SUMMARILY DISMISSING ACTION; AND (3) REQUIRING PLAINTIFF TO SHOW CAUSE AS TO WHY HE SHOULD NOT BE ENJOINED AS A VEXATIOUS LITIGANT

Within the past five months, Plaintiff Mutaz Alshara,[1] proceeding *pro se*, has filed at least 17 lawsuits against over 50 Defendants in the United States District Court for the Eastern District of Michigan. In addition, Defendants have removed at least three more of Alshara's cases to the Eastern District from state court. Alshara's allegations range from claiming that the U.S. government coerced Apple, Inc. into censoring his speech on Apple's platforms, to seeking to hold Iraq and Lebanon liable for their anti-LGBTQ+ policies, to disputing charges on his credit card. He has sued the governments of five different countries, in addition to the

---

[1] In some cases, Alshara's name is stylized "Mutaz Al-Shara" or "Mutaz Majeed Al-Shara." Here, the Court uses the name provided by Alshara in his Complaint in this case. (*See* Compl., ECF No. 1.)

1

many other individual and corporate Defendants.   So far, nine of Alshara's complaints have been summarily dismissed for failure to state a claim.[2]   Several District Judges have pointed out repetition in Alshara's lawsuits. (*See, e.g.*, Order Summarily Dismissing Complaint at n.2, *Alshara v. Monnier*, No. 26-11799, ECF No. 6, PageID.34; Order Summarily Dismissing Complaint, *Alshara v. United States*, No. 26-10912, ECF No. 8, PageID.82-84.)   One District Judge recently warned Alshara that "further attempts to bring frivolous claims in federal court may result in sanctions, including the imposition of prefiling conditions." (*See* Order Summarily Dismissing Complaint, *Alshara v. Monnier*, No. 26-11799, ECF No. 6, PageID.38.)

The civil action now before the Court is yet another baseless federal court filing by Alshara.   For the reasons explained below, the Court will **GRANT** Alshara's application to proceed *in forma pauperis* (ECF No. 2), which he filed along with his Complaint, and will **SUMMARILY DISMISS** the action.   In addition, for the reasons explained further below, the Court directs Alshara to

---

[2] Those cases are *Al-Shara v. United States Government*, No. 25-11923; *Alshara v. The Associated Press*, No. 25-12547; *Alshara v. United States*, No. 26-10912; *Alshara v. Wayne County*, No. 26-11305; *Al-Shara v. People's Republic of China*, 26-11390; *Alshara v. Republic of Iraq*, No. 26-11448; *Alshara v. Government of Canada*, No. 26-11636; *Alshara v. Monnier*, No. 26-11799; *Alshara v. Monnier*, No. 26-11807.

**SHOW CAUSE**, in writing, as to why he should not be enjoined as a vexatious litigant.

## I

The Court begins with Alshara's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2). Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement […] of any suit, action, or proceeding […] by a person who submits an affidavit that includes a statement of all assets […] that the person is unable to pay such fees[.]" *Id.*

In Alshara's Application, he reports an approximate monthly income of $920.21 and $15.06 in cash, checking or savings. (*See* Application, ECF No. 2, PageID.17-18.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Alshara. The Court therefore **GRANTS** the Application and permits Alshara to proceed *in forma pauperis*.

## II

### A

The Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a

3

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).  While the Court is obligated to liberally construe documents filed by pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).  The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

**B**

In this action, Alshara brings one federal claim, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (the "FLSA"), when they paid Alshara $400.00 for one week's work during the summer of 2025. (*See* Compl., ECF No. 1, PageID.4-8.)  The remainder of Alshara's claims are state-law claims brought under statutory and common law. (*See id.*, PageID.8-13.)

For his federal claim, Alshara alleges that "Defendants failed to pay [him] minimum wage . . . and overtime" in violation of the FLSA. (*Id.*, PageID.8.)  But he pleads no facts in support of that contention.  Indeed, he pleads only that "*[i]f* Plaintiff worked forty hours," then he was not paid the minimum wage, and "*[i]f* Plaintiff worked in excess of forty hours," then Defendants failed to pay overtime.

(*Id.*, PageID.5 (emphasis added).)[3]  These allegations are plainly not enough to state a violation of federal law.  The Court therefore **DISMISSES** Alshara's FLSA claim for failure to state a claim upon which relief can be granted.  And without a viable claim under federal law, the Court declines supplemental jurisdiction over Alshara's state-law claims. *See* 28 U.S.C. § 1367(c)(3).  The state-law claims are therefore **DISMISSED WITHOUT PREJUDICE**.

**III**

Finally, the Court addresses Alshara's cumbersome filings in the District.

Under Local Rule 5.2., "[a] district judge may enjoin a litigant from filing actions without first obtaining leave of court if the judge finds that the litigant has engaged in a pattern of filing repetitive, frivolous, or vexations cases." *See* E.D. Mich. Local Rule 5.2.  As explained above, Alshara has recently filed a large number of cases that fail to state claims, are repetitive, and/or are frivolous.  These cases pose a substantial and unnecessary burden on the Court's resources.  In addition, as far as the Court can tell, Alshara has filed all of his cases *pro se* and has requested to proceed without paying the Court's filing fee in each case.  The Court is concerned about the fact that the public is assuming the costs associated with Alshara's abusive

---

[3] Alshara also alleges in his FLSA claim that Defendant John Doe "demanded that Plaintiff perform unpaid labor building a website," and that "Doe's demand for unpaid website work violates Section 203(g)" of the FLSA. (*Id.*, PageID.4, 8.)  But Section 203(g) of the FLSA is part of the statute's definitions section.  It does not proscribe or mandate any behavior. *See* 29 U.S.C. § 203(g).

5

and repetitive lawsuits.   For these reasons, **IT IS HEREBY ORDERED** that Alshara shall **SHOW CAUSE**, in writing, by no later than **Thursday, July 23, 2026**, as to why, despite his history of vexatious litigation, he should not be prohibited from filing further actions in the Eastern District of Michigan without first obtaining leave of court.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

6