UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

      Plaintiff,

                                    Case No. 26-cv-11929

v.                                    Hon. Matthew F. Leitman

ALL PRO LOGISTICS, LLC, *et al.*,

      Defendants.

_____/

## <u>ORDER ENJOINING PLAINTIFF FROM FURTHER FILINGS WITHOUT FIRST OBTAINING LEAVE</u>

Within the past six months, Plaintiff Mutaz Alshara,[1] proceeding *pro se*, has filed at least 17 lawsuits against over 50 Defendants in the United States District Court for the Eastern District of Michigan.  During this same time period, he has also filed several additional lawsuits in Michigan state courts, and at least three of those cases have been removed to this Court.  Alshara's allegations range from claiming that the United Sates government coerced Apple, Inc. into censoring his speech on Apple's platforms, to seeking to hold Iraq and Lebanon liable for their anti-LGBTQ+ policies, to disputing charges on his credit card.  He has sued the governments of five different countries, in addition to many other individual and

---

[1] In some cases, Alshara's name is stylized "Mutaz Al-Shara" or "Mutaz Majeed Al-Shara."  Here, the Court uses the name provided by Alshara in his Complaint in this case. (*See* Compl., ECF No. 1.)

corporate Defendants.  In total so far, eleven of the civil actions Alshara filed in the District have been summarily dismissed for failure to state a claim,[2] one was summarily dismissed for lack of subject matter jurisdiction, and another was transferred to the United States District Court for the Northern District of Illinois. The others remain pending.  Several District Judges have pointed out the repetitive nature of Alshara's lawsuits. (*See, e.g.*, Order Summarily Dismissing Complaint at n.2, *Alshara v. Monnier*, No. 26-11799, ECF No. 6, PageID.34; Order Summarily Dismissing Complaint, *Alshara v. United States*, No. 26-10912, ECF No. 8, PageID.82-84.)   And one District Judge recently warned Alshara that "further attempts to bring frivolous claims in federal court may result in sanctions, including the imposition of prefiling conditions." (Order Summarily Dismissing Complaint, *Alshara v. Monnier*, No. 26-11799, ECF No. 6, PageID.38.)

On June 23, 2026, this Court summarily dismissed the Complaint that Alshara filed in this action. (*See* Order, ECF No. 5.)  In the dismissal order, the Court also directed Alshara to show cause, in writing, as to why he should not be enjoined as a vexatious litigant under Local Rule 5.2. (*See id.*)  Alshara filed a response to the

---

[2] Those cases are *Al-Shara v. United States Government*, No. 25-11923; *Alshara v. The Associated Press*, No. 25-12547; *Alshara v. United States*, No. 26-10912; *Alshara v. Wayne County*, No. 26-11305; *Al-Shara v. People's Republic of China*, 26-11390; *Alshara v. Republic of Iraq*, No. 26-11448; *Alshara v. Government of Canada*, No. 26-11636; *Alshara v. Monnier*, No. 26-11799; *Alshara v. Monnier*, No. 26-11807; *Alshara v. Internet Corp. for Assigned Names and Numbers*, No. 26-11934; *Alshara v. All Pro Logistics LLC*, No. 26-11929.

show cause order on June 26, 2026. (*See* Resp., ECF No. 6.)  For the reasons explained below, the Court will **ENJOIN** Alshara from filing any further civil actions in the United States District Court for the Eastern District of Michigan without first obtaining leave in the manner described below.[3]

I

Under Local Rule 5.2, "[a] district judge may enjoin a litigant from filing actions without first obtaining leave of court if the judge finds that the litigant has engaged in a pattern of filing repetitive, frivolous, or vexatious cases." *See* E.D. Mich. Local Rule 5.2.  This Local Rule reflects the Sixth Circuit's recognition that "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269–70 (6th Cir. 1998).  Indeed, it is well-settled that "[a] district court has discretion to impose prefiling restrictions on a party with a track record of

---

[3] The sanction of imposing prefiling conditions is a collateral matter over which the Court retains jurisdiction even though Alshara has filed a notice of appeal. *See Grae v. Corr. Corp. of America*, 134 F.4th 927, 931 (6th Cir. 2025) ("[A] 'federal court may consider collateral issues after an action is no longer pending.'") (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)); *Val-Land Farms, Inc. v. Third Nat. Bank in Knoxville*, 937 F.2d 1110, 1117 (6th Cir. 1991) ("Our circuit has held that a district court retains jurisdiction to entertain a motion for Rule 11 sanctions even after the filing of a notice of appeal.") (citation omitted); *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 n.2 (9th Cir. 2014) (rejecting the "contention that filing a notice of appeal divested the district court of jurisdiction to issue [a] vexatious litigant order"); *Shahrockhi ex rel. B.E.S. v. Throne*, No. 22-15978, 2023 WL 6826753 (9th Cir. Oct. 17, 2023) (same).

3

repetitive or vexatious litigation." *Gray v. United States*, No. 23-3723, 2025 WL 40818, at \*2 (6th Cir. 2025) (citing *United States ex rel. Odish v. Northrup Grumman Corp.*, 843 F. App'x 748, 750 (6th Cir. 2021) (per curiam)) and *Feathers*, 141 F.3d at 269).

A district court should follow this procedure before enjoining a litigant based upon his vexatious filings:

> [B]efore imposing sanctions, the court must give a party notice of the offending conduct and an opportunity to be heard. *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 377 (6th Cir. 2022); *Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at \*3 (6th Cir. May 1, 2019); *Cook v. Am. S.S. Co.*, 134 F.3d 771, 775 (6th Cir. 1998). In some cases, we have found that this requires a district court to provide "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed" and to "make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *Clemons*, 2019 WL 7567197, at \*3 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)).

*Id.*

In considering whether to impose prefiling restrictions, a district court should consider whether a litigant has engaged in a pattern of filing repetitive, frivolous, or vexatious cases. *See* E.D. Mich. Local Rule 5.2; *Feathers*, 141 F.3d at 269–70. Other relevant factors include whether a litigant's cases have been filed in good faith, whether the litigant is represented by counsel, whether the litigant has "caused needless expense to other parties or has posed an unnecessary burden on the courts

4

and their personnel," and whether alternative sanctions would be adequate. *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 940 n. 18 (6th Cir. 2002) (citing *Ortman v. Thomas*, 906 F. Supp. 416, 421–22 (E.D. Mich. 1995)).

## II

### A

Applying the framework set forth above, the Court concludes that it is appropriate – indeed, essential – to impose prefiling restrictions upon Alshara.  First, Alshara has received notice of his offending conduct and an opportunity to be heard. This Court notified Alshara about its concerns with his filings, and in a separate case that Alshara filed, another Judge in this District likewise highlighted the insufficiency of Alshara's allegations and warned Alshara that "further attempts to bring frivolous claims in federal court may result in sanctions, including the imposition of prefiling conditions." (Order Summarily Dismissing Complaint, *Alshara v. Monnier*, No. 26-11799, ECF No. 6, PageID.38.)  And in this Court's show cause order, this Court gave Alshara the opportunity to be heard on the issue of whether he should face prefiling restrictions.  He took that opportunity and filed a lengthy response to the order.  (The Court addresses his response in detail below in Section II(B).)

Second, Alshara has engaged in a pattern of baseless and vexatious litigation in this Court.  As explained above, at least eleven of the civil actions that he filed in

5

the District – including nine he filed the last six months – have been summarily dismissed for lack of merit or lack of jurisdiction.  The Court is not aware of a single civil action filed by Alshara that has been permitted to proceed to discovery. Moreover, the volume and breadth of the actions filed by Alshara have made them a substantial (and unnecessary) burden on Court resources.  Alshara has sued the Chinese, Lebanese, Iraqi, Canadian, and United States governments; national corporations like Apple, Walmart, and Grindr; local businesses; and individual defendants.  And he has asserted a wide variety of claims that have no basis in law or fact.  As just one example of the frustrating nature of Alshara's claims, he sued the Associated Press for $234 million on the basis that that entity "refuse[d] to cover" a different lawsuit in which he had asserted different meritless claims against different defendants. *Al-Shara v. Associated Press*, No. 25-12547, 2025 WL 3534510, at *1 (E.D. Mich. Dec. 10, 2025).  Alshara's filings have imposed a substantial burden on the judicial officers and staff of the Eastern District of Michigan who have had to prepare numerous orders dismissing his meritless claims. *See, e.g., id.*; *Alshara v. United States*, No. 26-10912, 2026 WL 1122328 (E.D. Mich. Apr. 24, 2026); *Al-Shara v. People's Republic of China*, No. 26-22390, 2026 WL 1602724 (E.D. Mich. June 4, 2026); Order Dismissing Case, *Alshara v. Internet Corp. for Assigned Names and Numbers*, No. 26-11934, ECF No. 6.  For these reasons, the Court concludes that Alshara has engaged in a pattern of filing

repetitive, frivolous, or vexatious cases warranting the imposition of prefiling restrictions.

Third, Alshara's status – as a *pro se* litigant proceeding *in forma pauperis* – further supports the imposition of prefiling restrictions. Alshara's failure to consult with counsel likely explains in at least some part why Alshara's pleadings routinely fail to state a claim upon which relief can be granted. The Court recognizes that *pro se* litigants must be given reasonable latitude to account for their status as non-lawyers, but Alshara's voluminous non-counseled filings are placing an undue burden on the system.

Finally, the Court does not believe alternative sanctions would be adequate or appropriate. Given the breadth and volume of Alshara's filings, it does not appear that any restriction other than a complete ban on the initiation of new actions without permission would be sufficient to guard against the waste of resources that his filings have caused. While prefiling restrictions are sometimes tailored prevent a plaintiff from filing against a particular defendant or from bringing particular types of claims, there is no such narrowly-tailored prefiling restriction that would be sufficient here.

For these reasons, the Court will **ENJOIN** Alshara from filing any further lawsuits in the United States District Court for the Eastern District of Michigan as set forth below.

**B**

In his response to the Court's show cause order, Alshara offers several arguments as to why the Court should not impose prefiling restrictions upon him. The Court does not find these arguments persuasive for the reasons explained below.

First, Alshara argues that no prefiling restriction is necessary because under 28 U.S.C. § 1915(e)(2), the Court already screens the actions in which he seeks to proceed *in forma pauperis*. (*See* Resp., ECF No. 6, PageID.39-40, 44.)   He seems to suggest that because the Court screens his actions, no waste of resources occurs. The Court disagrees.  The successful screening of Alshara's filings under Section 1915(e)(2) may save *defendants* from having to respond to Alshara's meritless filings, but screening Alshara's filings has required *judicial officers and court staff* to expend – and waste – substantial time and resources.  The prefiling restriction imposed by the Court – and described in more detail below – will save resources because the Court will require Alshara, as part of his request for permission to file a new action, to provide a memorandum of law outlining the legal bases for his claims and explaining how each defendant is properly named.  It will be far more efficient for the Court to evaluate such a memo than to conduct the type of initial screenings it has been doing in each of his cases.  Simply put, the prefiling restriction the Court imposes here, requiring Alshara to file a memorandum supporting his claims, shifts the initial research burden from judicial officers and court staff to Alshara and

8

thereby enhances efficiency and saves judicial resources.   For these reasons, screening under Section 1915(e)(2) does not render the prefiling restrictions imposed by the Court unnecessary.

Second, Alshara argues that because the Eastern District of Michigan frequently summarily dismisses his complaints prior to service on defendants, his filings do not "cause[] needless expense to other parties." (Resp., ECF No. 6, PageID.41 (quoting *Ortman*, 906 F. Supp. at 421–22.) But as noted above, his filings impose substantial unnecessary burdens on the Judges and staff in this District.  And a prefiling restriction is appropriate where, as here, a litigant "*has posed an unnecessary burden on the courts and their personnel.*" *Tropf*, 289 F.3d at 940 n. 18 (6th Cir. 2002) (citing *Ortman*, 906 F. Supp. at 421–22) (emphasis added).

Third, Alshara argues that because his cases involve distinct defendants, claims, and legal theories, they cannot fairly be considered duplicative or repetitive. (*See* Resp., ECF No. 6, PageID.40-41.)  But the Court pointed him to at least two places where other District Judges had noted his filings were repetitive. (*See* Order, ECF No. 5, PageID.22.)  Alshara's response ignores those cases.  Moreover, the fact that many of Alshara's lawsuits are uniquely without merit is not grounds for continuing to allow him to file them without restriction.  Rather, that is why a broad injunction is warranted.

Fourth, Alshara says the Eastern District of Michigan is the only federal district court in which he "has experienced categorical summary dismissal of every case filed." (Resp., ECF No. 6, PageID.41-42.)  But that is to be expected because his filings here have been without merit.[4]

Fifth, Alshara says that his "identity as an openly gay man and Michigan's historical resistance to LGBTQ+ rights are relevant." (*Id.*, PageID.42.)  The Court respectfully disagrees.  The Court's decision to impose prefiling restrictions on Alshara has nothing to do with Alshara's sexual orientation or the fact that some of his lawsuits have involved claims of discrimination on the basis of sexual orientation.  The prefiling restrictions follow solely from the nature of his filings.

Finally, Alshara argues that "the vexatious litigant designation is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment."  But he cites no case law to support that argument.  And the argument seems impossible to reconcile with the Sixth Circuit's observation that "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers*, 141 F.3d at 269–70. *See also Gray* 2025 WL

---

[4] In a similar argument, Alshara says that this District's "categorical dismissal rate is a statistical outlier" compared to nationwide dismissal rates of cases under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Resp., ECF No. 6, PageID.43-44.)  This argument is not sufficiently explained.  Regardless, reference to national averages does not in any way demonstrate that *Alshara's* lawsuits have merit.

10

40818, at *2 ("A district court has discretion to impose prefiling restrictions on a party with a track record of repetitive or vexatious litigation").  Moreover, all litigants – not just those who seek to proceed *in forma pauperis* – are subject to prefiling restrictions if, like Alshara, they repeatedly file baseless claims.  There is no equal protection violation in the imposition of prefiling restrictions on Alshara.

### III

For all of the reasons explained above, **IT IS HEREBY ORDERED** that Plaintiff Mutaz Alshara is **ENJOINED** from filing any further *pro se* civil actions of any kind in the United States District Court for the Eastern District of Michigan without obtaining leave of court.  To seek leave of court, Alshara must file a motion. He must attach to the motion a copy of the proposed Complaint that he wishes to file.  In addition, he must either (1) include with the motion a certificate from a licensed attorney averring that the attorney has reviewed the proposed Complaint and has determined that there is a good faith basis for all of the claims asserted in the Complaint or (2) support the motion with a legal memorandum addressing all of the claims asserted in the proposed Complaint.  If Alshara elects option (2), in his legal memorandum, he must, a claim-by-claim basis, (a) identify each element of the claim (with supporting case law confirming the elements), (b) identify which facts alleged in the Complaint are sufficient to satisfy each element, and (c) explain (with citations to case law) why each defendant named in the claim is a proper

defendant. The failure to comply in any way with these terms shall be sufficient grounds to deny any request for leave to file.

As a final note, the Court does not believe these prefiling restrictions will be unduly burdensome on Alshara. Rule 11 of the Federal Rules of Civil Procedure already requires Alshara to ensure that his claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The prefiling restrictions in this Order simply require him to "show his work."

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 20, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

12